**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELGIN ASSISTED LIVING EB-5, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 12 cv 2941 |
| | ) | |
| ALEJANDRO MAYORKAS, et al., | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) | |

**Memorandum Opinion and Order**

On April 20, 2012, plaintiffs anonymously filed a four-count complaint for declaratory judgment against defendants, various government officials including officials of the U.S. Citizenship and Immigration Service (collectively "defendants" or "USCIS"). On June 29, 2012, USCIS moved to dismiss for lack of subject matter jurisdiction. For the reasons stated below, this Court grants defendants' motion and dismisses the complaint.

**Background**

Plaintiffs are Iranian nationals who each filed an Alien Entrepreneur Form I-526 ("I-526"). Form I-526 is the first step taken by an immigrant investor to obtain a visa, in this case, the EB-5 visa,[1] that authorizes the foreign national admission in the United States. If an I-526 is approved, the immigrant investor must then file a DS-230, or Application for Immigrant Visa and Alien Registration, with the U.S. Department of State to obtain an EB-5 visa. Among the I-526's requirements is evidence that the applicant obtained the capital involved through lawful means. The procedure for granting immigrant status is authorized by 8 U.S.C. §§ 1154(a)(1)(H), 1154(b), and 1153(b)(5), and detailed in Title 8, Subchapter B of the Code of Federal

---

[1] The EB-5 visa is codified in 8 U.S.C. § 1153(b)(5), which specifies the preference allocation for employment-based immigrants visas.

Regulations.

According to the plaintiffs, they desire to pool the funds of twenty-four immigrant investors to lend to a limited liability company ("LLC"). The LLC obtained licenses from the Department of Treasury, Office of Foreign Assets Control ("OFAC"), as required by the Iranian Transaction Regulations ("ITR"), 31 C.F.R. § 560. Plaintiffs filed their I-526s with USCIS on September 2, 2011, with an attached copy of the LLC's OFAC license. Pls.' Compl. ¶¶ 45, 46. USCIS issued Requests for Evidence ("RFEs") to the plaintiffs in early February and March 2012, requiring submission of the requested information by April or May 2012. *Id.* ¶¶ 47, 58, 69, 80, 91. Generally, the USCIS' concern with plaintiffs' I-526s involves the use of lawful capital in establishing eligibility for an EB-5 visa as required by 8 U.S.C. § 204.6. USCIS issued two sets of RFEs to the individual plaintiffs. Plaintiffs requested information from OFAC in order to respond to the first RFE. USCIS issued a second set of RFEs on May 4, 2012, this time with a response deadline of July 26, 2012. USCIS granted plaintiffs an extension to October 25, 2012, to respond to the RFEs because OFAC had not yet responded to plaintiffs' inquiry.

**Legal Standard**

When ruling on a Rule 12(b)(1) motion to dismiss, district courts must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 1993). A court may also properly consider material outside of the pleadings. *Afsharzadehyadzi v. Perryman*, 214 F. Supp. 2d 884, 886 (7th Cir. 2002). A party seeking declaratory relief must show: (1) an actual controversy and, (2) a matter within federal court subject matter jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 745 (1998).

**Discussion**

Defendants move to dismiss the complaint arguing that there is no final agency action to

support subject matter jurisdiction. The Declaratory Judgment Act does not extend jurisdiction beyond what is authorized by Congress, it merely enlarges the range of remedies available in federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950); *GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995). Where, as here, an agency action is not specifically made reviewable by a statute, the Administrative Procedure Act ("APA") allows judicial review of a "final agency action" for which there is no other adequate remedy. 5 U.S.C. § 704.

Two conditions must be satisfied for an agency action to be considered "final." *Home Builders Ass'n of Greater Chi. v. U.S. Army Corps of Engr's*, 335 F.3d 607, 614 (7th Cir. 2003). First, the action must mark the "consummation" of the agency's decision-making process, and must not be of a merely tentative or interlocutory nature. *Id.* Second, the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow." *Id.* In answering this second question, the Seventh Circuit uses the direct and immediate effects test first pronounced in *Abbott Labs. v. Gardner*, 387 U.S. 136, 152 (1967), under which the court considers whether the action's impact is sufficiently direct and immediate on the plaintiffs and has direct effect on day-to-day business. *W. Ill. Home Health Care, Inc. v. Herman*, 150 F.3d 659, 662 (7th Cir. 1998) (citing *Abbott Labs.*, 387 U.S. at 151-52). "[T]he core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Id.* (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992)).

Defendants argue that neither prong of the "finality" test is met in this case. Plaintiffs assert that because they will likely be unable to respond to the RFEs on time, this Court should find the issuance of the RFEs to be the last step in regards to their I-526s and the consummation

of the decision-making process.

Before finding that judicial review is available, the court must also confirm that such review does not fall within either of these two exceptions: (1) where a statute expressly precludes judicial review; or (2) where agency action is committed to agency discretion by law. 5 U.S.C. § 701. While there is no statutory provision specifically precluding review of the issuing of RFEs in this matter, including the general jurisdiction-stripping provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), the RFEs may be precluded as agency action that is committed to USCIS discretion by law. "The exception has been found to apply to situations in which a statute's delegation of decision-making authority to an agency is so complete 'that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Home Builders*, 335 F.3d at 615. Determining whether a meaningful standard for review is available requires consideration of four areas: the statutory language, the statutory structure, the legislative history, and the nature of the action. *Singh v. Moyer*, 867 F.2d 1035, 1039 (7th Cir. 1989) (citing *Bd. of Trade of the City of Chicago v. CFTC*, 605 F.2d 1016, 1016 (7th Cir. 1979).

The applicable regulations here use permissive language allowing the USCIS to choose to issue RFEs at its own behest. The INA's implementing regulation provides that "[i]f all required initial evidence is not submitted with the benefit request or does not demonstrate eligibility, *USCIS in its discretion may* deny the request for lack of initial evidence or for ineligibility *or request that the missing initial evidence be submitted* within a specified period of time as determined by USCIS." 8 C.F.R. § 103.2(b)(8)(ii) (emphasis added). Similarly, "[i]f all required initial evidence is not submitted with the benefit request or does not demonstrate eligibility, *USCIS may*: [1] deny the benefit request for ineligibility; [2] *request more*

*information or evidence* from the applicant or petitioner, to be submitted within a specified period of time as determined by USCIS; or [3] notify the applicant of its intent to deny the benefit request and the basis for the proposed denial . . . ." 8 C.F.R. § 103.2(b)(8)(iii) (emphasis added). In this case, it seems that USCIS chose the second option, and issued RFEs to Plaintiffs twice, although it could have found that the initial documents applicants submitted with its I-526s did not demonstrate eligibility and accordingly denied the benefit request.

The statutory and regulatory structure, lack of standards, and nature of the issuance of RFEs seem to demonstrate that the exercise of issuing RFEs is within the discretion of USCIS. The RFEs appear to be agency action committed to USCIS discretion by law, and are therefore likely unreviewable. *See*, *e.g.*, *Anaya-Aguilar v. Holder*, 683 F.3d 369, 372-73 (7th Cir. 2012) (finding the BIA's *sua sponte* authority to reopen a case unreviewable as an action committed to agency discretion by law); *Lalani v. Perryman*, 105 F.3d 334, 337-38 (7th Cir. 1997) (finding an the decision to deny a request for an extension of voluntary departure unreviewable as an action committed to agency discretion by law). Even if this court found the action at issue subject to judicial review, the issuance of RFEs is not a "final agency action" within the meaning of APA § 704 because it is not a consummation of USCIS' decision-making process regarding petitions, visas, or immigrant status, and is neither an action from which legal consequences flow. *Home Builders*, 335 F.3d at 614.

RFEs are clearly an intermediate step in the process of adjudicating an I-526. *See*, 8 C.F.R. § 103.2(b). Here, USCIS decided that it could not determine plaintiffs' eligibility or ineligibility for the I-526s based on the evidence plaintiffs initially submitted therefore USCIS requested more information, which it is permitted to do under 8 C.F.R. § 103.2(b)(8)(i). Thus, the RFEs cannot reasonably be seen as a consummation of the decision-making process. This

conclusion is also supported by USCIS' email response to plaintiffs on April 3, 2012, where USCIS stated that it could not address case-specific issues regarding their petition at that time, specifically, whether plaintiffs had established the lawfulness of their investment funds. Pls.' Compl. ¶¶ 53–54, Exhs. F, G. Instead, the fact that USCIS asked that the RFE be responded to as completely as possible and that this response would then be reviewed, suggests the tentative nature of the RFEs. *Id.* ¶ 54.

Although plaintiffs argue that the issuance of the RFEs was constructive denial of their I-526s because they would likely be unable to respond to the RFEs within the time period allotted with the information requested, this argument fails for two reasons. First, USCIS simply could have denied the I-526s for lack of initial evidence instead of issuing RFEs. 8 C.F.R. § 103.2(b)(8)(i)-(ii). In essence, plaintiffs suggest that USCIS chose to constructively deny plaintiffs' I-526s by requesting information that it knew plaintiffs could not obtain within the time allowed, rather than simply denying the application for lack of evidence. More likely, USCIS used the RFEs to obtain more information to adequately adjudicate plaintiffs' application.

Second, plaintiffs' ability to comply with the latest October 25, 2012, deadline to respond to the RFEs remains speculative. On the one hand, OFAC may respond with both a license and a letter with which plaintiffs can respond to the RFEs. On the other hand, plaintiffs may be able to respond to the RFEs with other documents within the deadline. USCIS has stated that the RFE should be responded to as completely as possible. Pls.' Compl. ¶ G; Exh. G. This statement suggests that plaintiffs could respond to the RFEs with the documents they have available by the October 25, 2012, deadline that may or may not result in USCIS approval of their application. Clearly the issuance of the RFEs is not the end of USCIS' decision-making process since the

information that plaintiffs are ultimately able to provide by the deadline and the eligibility determination that USCIS makes based on the information remains unknown at this time.

The second prong of the finality test requires that the agency action be one by which "rights or obligations have been determined," or from which "legal consequences will flow." *Home Builders*, 335 F.3d at 614. Under this test, the court considers "whether the result of that process is one that will directly affect the parties." *W. Ill. Home Health Care, Inc.*, 150 F.3d at 662.

The issuance of the RFEs did not determine whether the plaintiffs' I-526s or EB-5 visas would be denied, or otherwise alter plaintiffs' financial or immigration statuses. No sanction, penalty, or reward was imposed on the plaintiffs through the RFEs. *See Acker v. E.P.A.*, 290 F.3d 892, 894-95 (7th Cir. 2002). In short, the RFEs had no effect on the plaintiffs other than to impose on them the already-existing burden of complying with the INA and its implementing regulations. *Id.* at 894. While certain legal consequences may occur, they will remain possibilities with or without the issuance of the RFEs. *Id.; cf. Singh v. U.S. Citizenship & Immigr. Srvs.*, 2011 WL 1485368, at *4 (N.D. Ill. 2011) (finding the plaintiff to have experienced immediate and real legal consequences as a result of defendant's decision which resulted in the plaintiff's inability to work for 180 days or travel abroad without the consent of the Attorney General). Therefore, there is no final agency action for this Court to review.

Accordingly, based on the foregoing analysis defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted.

IT IS SO ORDERED.

Date: October 16, 2012          Entered: _____
                                Sharon Johnson Coleman